## THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY A. CANTRELL v. HENRY ALKER.

*Contempt of court — Stay of proceedings where the attorney is guilty of the contempt — not proper.*

One Moses was the attorney for Louise Adolphus in an action in the Marine Court brought against the relator. The relator obtained, in proceedings for a mandamus instituted in the Supreme Court, a stay of the proceedings in the action, and, upon an alleged violation thereof, applied for an order declaring the attorney of Adolphus guilty of a contempt. The application was denied, and the relator appealed.

Subsequently the relator procured from the Special Term of this court an order staying the proceedings of the said Adolphus, in the action in the Marine Court, until the determination of the appeal. *Held*, that as Adolphus had no interest in the question whether or not her attorney should be punished for a contempt, and as its decision in no way affected her action, the Special Term had no power to grant the stay of proceedings, and that the same should be vacated.

If the proceedings in the Marine Court were irregular, the proper remedy was by motion in that court to vacate the same.

Appeal from an order of the Special Term, staying all proceedings on the part of the appellant, Louise Adolphus, in an action pending in the Marine Court, in which she was plaintiff, and the relator was defendant, until the decision of an appeal from an order denying an application to have the said Adolphus' attorney adjudged guilty of a contempt.

*George C. Moses,* for the appellant, the relator.

*H. H. Morange,* for the respondent, Louise Adolphus.

Davis, P. J.:

The relator made application at the Special Term for an order declaring George C. Moses the attorney for one Louise Adolphus (who is plaintiff in an action pending in the Marine Court against said relator), in contempt and to punish him therefor, for proceeding in violation of a stay of proceedings contained in an order to show cause why a mandamus should not issue in the above entitled matter. The application was denied, and the relator appealed to this court, and thereupon applied at Special Term for an order staying all pro-

ceedings on the part of the plaintiff Adolphus in said Marine Court, till the decision of the appeal. An order staying such proceedings was granted, and the plaintiff Adolphus appealed therefrom to this court. The order of stay was improperly granted. The appellant Adolphus had no legal interest in the question whether her attorney should be punished for contempt, and his punishment, if ordered, would have no legal effect upon her action or judgment in the Marine Court. The stay should not, therefore, have extended beyond the proceedings in the motion to punish the attorney. It was not in the power of the Special Term to stay proceedings in the Marine Court on a judgment, or in any action pending in that court, till an appeal in another matter pending in this court, which could in no wise affect that judgment or action, should be determined.

The motion to punish the attorney for contempt had been denied; but if it had been granted, his punishment could not have affected the proceedings in the action in the Marine Court. Nor could this court, if it should reverse the order in the contempt proceedings and proceed to punish the attorney, make any order that would affect the action or judgment of the Marine Court.

The appellant Adolphus was not a party to the contempt proceedings. Her rights were not affected thereby, and she should not be stayed till those proceedings are determined. If the proceedings in the Marine Court were irregular, because of some order made in the mandamus proceeding, the remedy was by motion in the Marine Court to vacate the same. We must assume that that court would have fully protected the relator. There was no ground, therefore, for the order granting a stay against her till this court should dispose of an appeal in a matter to which she was not in anywise a party.

The order should be reversed, with ten dollars costs and disbursements.

Daniels, J., concurred; Brady, J., not present.

Order reversed, with ten dollars costs and disbursements.